*1379 OPINION.
Tetjssell:
The business acquired and now owned by this petitioner was started in the year 1880. The record does not show the amount of capitalization of the original organization, but one of *1380 the witnesses, who had been with the company continuously since 1880, testified that it began with comparatively small capital and that the increase in its capital and tangible assets was due chiefly to the accumulation of earnings and profits. • It is thus seen that from small beginnings in 1880 the business grew until in April, 1901, it had tangible properties of a net value of a million and a quarter dollars, that one of its chief products sold under its trademark reached a figure of annual sales of $700,000 per year and went into every part of this country, together with many sales for export. The petitioner having taken over this business and continued it along the same lines, with other additions, apparently has had an uninterrupted period of prosperity down to and including the year here under review, at the beginning of which the Commissioner found, as shown by his deficiency letter, that the company had accumulated a surplus of $3,697,402.36. The respondent’s argument that the predecessor company did not have in 1901 a valuable good will does not make a very strong appeal. Although we do not have the book records of years prior to the reorganization, one of the stockholders of the predecessor company testified that in the year immediately preceding the reorganization the predecessor company’s profits were approximately $237,000 and that for some years prior thereto, he thought they were in the neighborhood of $200,000. The present owners took over this business in April, 1901, and continued it without much modification either as to the character of the business or its capitalization, and during the two years and nine months immediately following the reorganization, the average earnings were at the rate of $216,177, per year upon a capital investment in tangible properties averaging $1,391,022. Analyzing these figures and having given consideration to the history of this business prior to 1901 and the continued prosperity of the business since that date, we have arrived at the conclusion that the good will of the predecessor company acquired by this taxpayer for stock had on the date acquired a cash value of $328,000.
The instant case involves income and profits-tax liability for the calendar year 1920 and has been tried when the tax liability for the years 1918 and 1919 are still undetermined. Final determination of deficiency herein for the year under review will be held to be made jLn accordance with the findings of fact hereinabove set forth, after the liability for the years 1918 and 1919 has been settled, at which time the taxes for the years 1918 and 1919 will be reflected in the adjustment of invested capital in accordance with the existing regulations and section 1207 of the Revenue Act of 1926.
Judgment uñll be entered upon 15 days' notice, pursuant to Rule 50.